UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JUA SMITH,

                    Plaintiff,

    -against-                                        9:17-CV-0558 (LEK/TWD)

NEW YORK STATE, *et al.*,

                    Defendants.

## DECISION AND ORDER

### I.  INTRODUCTION

Plaintiff Jua Smith started this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 alleging wrongdoing by various state actors while Plaintiff was incarcerated at Coxsackie Correctional Facility ("Coxsackie C.F."). Dkt. No. 1 ("Complaint"). Plaintiff also requested leave to proceed in forma pauperis ("IFP"), Dkt. No. 3 ("IFP Application"), and moved for preliminary injunctive relief, Dkt. No. 4 ("Preliminary Injunction Motion"). On October 20, 2017, the Court granted Plaintiff's IFP Application, dismissed some of his claims, and directed service and a response from the surviving Defendants to the claims that survived sua sponte review and the Preliminary Injunction Motion. Dkt. No. 9 ("October 2017 Order").

Plaintiff then filed an amended complaint. Dkt. No. 34 ("Amended Complaint"). On March 13, 2018, the Court found that all of the claims asserted in the original Complaint that had survived sua sponte review, and certain additional claims, survived sua sponte review and required a response. Dkt. No. 39 ("March 2018 Order"). Plaintiff then unsuccessfully moved for reconsideration of the March 2018 Order. Dkt. Nos. 41, 58.

Now before the Court is Plaintiff's Preliminary Injunction Motion, which Defendants have opposed. Dkt. No. 61 ("Response"). Plaintiff has also submitted a reply in further support of his motion. Dkt. No. 62 ("Reply").

## II.   LEGAL STANDARD

"In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'" Otoe-Missouria Tribe of Indians v. N. Y. State Dep't of Fin. Servs., 769 F.3d 105, 110 (2d Cir. 2014) (quoting Lynch v. City of New York, 589 F.3d 94, 98 (2d Cir. 2009)). However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is "even higher." Cacchillo v. Insmed, Inc., 638 F.3d 401, 406 (2d Cir. 2011). A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." Cacchillo, 638 F.3d at 406. Moreover, "[i]n the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." Fisher v. Goord, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing Farmer v. Brennan, 511 U.S. 825, 846–47 (1994)).

## III.  DISCUSSION

Plaintiff is now incarcerated at Elmira Correctional Facility ("Elmira C.F."). Dkt. No. 60. In his Preliminary Injunction Motion, which was filed when Plaintiff was incarcerated at

Coxsackie C.F., Plaintiff sought an order directing defendants Annucci, Martuscello, Barringer, and Miller to classify and house him as a maximum security level A inmate, and to reduce the number of Plaintiff's medical checks. Prelim. Inj. Mot. at 2. In the alternative, Plaintiff sought an order directing restoration of certain privileges while housed in the Coxsackie C.F. infirmary. Id. at 2–4. As another alternative, Plaintiff requested an order directing that he be housed in a long-term care facility or a Department of Corrections and Community Supervision ("DOCCS") regional medical unit where certain privileges would be restored. Id. at 4.

Defendants oppose the motion, arguing that Plaintiff's transfer to Elmira C.F. moots his requests for injunctive relief. Defendants also argue that Plaintiff's request that he be re-classified as a maximum security level A inmate should be denied, because the Court has already held that "insofar as Plaintiff seeks an order requiring [Defendants] to reclassify Plaintiff as a Maximum A inmate, his allegations fail to state a claim[, and] [a]ccordingly, this request for injunctive relief is dismissed pursuant to §§ 1915(e)(2)(B) and 1915A(b) . . ." Resp. at 2 (quoting Oct. 2017 Order at 18).

In his Reply, Plaintiff concedes that, based on his transfer to Elmira C.F., his motion is moot to the extent it sought an order either directing restoration of certain privileges at the Coxsackie C.F. infirmary, or transferring him to a long-term care facility or a DOCCS regional medical unit. Reply at 3. However, Plaintiff claims that his transfer to Elmira C.F. does not moot his request for re-classification as a maximum security level A inmate. Id. at 3–7.

As Defendants correctly note, Resp. at 2, the Court already dismissed the portion of the Preliminary Injunction Motion that sought an order requiring Defendants to reclassify Plaintiff as a maximum security level A inmate, Oct. 2017 Order at 18, 22–23. As noted in the October 2017

Order, "[t]he Second Circuit has held that inmates have no protected right in internal classifications or eligibility for rehabilitative programs." Id. at 22 (collecting cases); see also Montanye v. Haymes, 427 U.S. 236, 243 (1976) (finding no constitutional right of New York inmate to be placed in any particular facility); Pugliese v. Nelson, 617 F.2d 916, 922–23 (2d Cir. 1980) ("Judicial intervention into the classification of prisoners for monitoring and control purposes would almost inevitably involve the federal courts in the day-to-day operations of our prison system, which are better left to the expertise of prison administration authorities."). Because Plaintiff does not have a right to the classification of his choosing, Plaintiff cannot establish a likelihood of success on the merits of his claim seeking re-classification.

For these reasons, Plaintiff's Preliminary Injunction Motion must be denied.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Preliminary Injunction Motion (Dkt. No. 4) is **DENIED**; and it is further

**ORDERED**, that the Clerk shall serve a copy of this order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   August 20, 2018
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge