UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JUA SMITH,

                              Plaintiff,

    -against-                                      9:17-CV-0558 (LEK/TWD)

NEW YORK STATE, *et al.*,

                              Defendants.

**ORDER**

**I.**    **INTRODUCTION**

Plaintiff Jua Smith, proceeding pro se in this 42 U.S.C. § 1983 civil rights action, alleges wrongdoing while he was incarcerated at Coxsackie Correctional Facility. Dkt. No. 1 ("Complaint"). As part of this action, Plaintiff moved for a preliminary injunction directing prison officials to re-classify him as a maximum security level A inmate and to make changes to his housing assignments and prison privileges. Dkt. No. 4 ("Preliminary Injunction Motion"). On August 20, 2018, the Court denied Plaintiff's Preliminary Injunction Motion because the Second Circuit has held that inmates have no protected right in internal classifications or eligibility for rehabilitative programs. Dkt. No. 70 ("August 2018 Order") at 4. Now before the Court is Plaintiff's motion for reconsideration of the August 2018 Order, which Defendants have opposed. Dkt. Nos. 73 ("Motion for Reconsideration"), 76 ("Opposition"). Plaintiff has also filed a reply in support of his Motion for Reconsideration, in which he offers new evidence regarding his transfer to a medium security correctional facility. Dkt. No. 83 ("Reply").

## II. LEGAL STANDARD

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. Doe v. N.Y.C. Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983). The standard for granting a motion for reconsideration is strict. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." Id. Thus, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998) (internal quotation marks omitted). Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Schrader, 70 F.3d at 257.

## III. DISCUSSION

Plaintiff does not suggest that there has been an intervening change in the controlling law. Rather, Plaintiff argues that the Court committed a clear error of law in deciding not to evaluate his request for re-classification as a maximum security level A inmate under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000. Mot. Recons. at 3–6. Plaintiff also offers new evidence; he states that he was recently transferred to a medium security correctional facility, which he claims is the result of the Court's legal error in the August 2018 Order. Plaintiff's recent transfer, however, does not relate to, or support, his claim that his

religious beliefs mandate that he be housed in a maximum security level A correctional facility or justify judicial interference in the department of corrections classification decision. Instead, it relates to Plaintiff's claim of irreparable harm. However, the Court denied Plaintiff's Preliminary Injunction Motion not based on a his failure to establish irreparable harm, but on his failure to establish likelihood of success on the merits. Plaintiff's evidence of transfer is therefore not a basis for reconsideration of the Court's denial of Plaintiff's Preliminary Injunction Motion.

Plaintiff has not cited any case law in support of his argument that an inmate has a right to the classification of his choosing under RLUIPA. Plaintiff's beliefs that he is innocent of the crime of conviction, and that he should serve the rest of his life in prison in a maximum security level A facility unless he is exonerated, do not show that he is likely to succeed on the merits of his claim that the State has substantially burdened his sincerely held religious beliefs by classifying him as a medium security inmate pursuant to its policies.

After thoroughly reviewing Plaintiff's Motion for Reconsideration and affording it due consideration in light of his status as a pro se litigant, the Court finds that Plaintiff presents no basis for reconsideration of the August 2018 Order. The Court concludes that its previous decision was legally correct and did not work a manifest injustice.

Thus, Plaintiff's Motion for Reconsideration of the August 2018 Order is denied in its entirety.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion for Reconsideration (Dkt. No. 73) is **DENIED**; and it is further

3

**ORDERED**, that the Clerk of the Court serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: November 26, 2018
Albany, New York

Lawrence E. Kahn
U.S. District Judge