UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JUA SMITH,

                    Plaintiff,

-against-                          9:17-CV-0558 (LEK/TWD)

NEW YORK STATE, *et al.*,

                    Defendants.

## DECISION AND ORDER

**I.    INTRODUCTION**

Pro se plaintiff Jua Smith has brought this action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), alleging wrongdoing against Plaintiff while he was incarcerated at Coxsackie Correctional Facility. Dkt. Nos. 1 ("Complaint"), 34 ("First Amended Complaint").

As part of this action, Plaintiff moved for a preliminary injunction directing prison officials to reclassify him as a maximum security level A inmate and to make changes to his housing assignments and prison privileges. Dkt. No. 4 ("PI Motion"). On August 20, 2018, the Court denied Plaintiff's PI Motion. Dkt. No. 70 ("August 2018 Order") at 4.

Thereafter, Plaintiff moved for reconsideration of the August 2018 Order, Dkt. No. 73 ("First Motion for Reconsideration"), which the Court denied on November 26, 2018, Dkt. No. 85 ("First November 2018 Order"). Later that day, the Honorable Therese Wiley Dancks, U.S. Magistrate Judge, issued an order adjourning all discovery and dispositive motion deadlines until after the Court issued decisions on certain pending motions. Dkt. No. 86 ("Second November 2018 Order").

Now before this Court is another motion for reconsideration filed by Plaintiff, see Dkt. No. 87 ("Second Motion for Reconsideration"), which asks the Court to reconsider the First and Second November Orders and the August 2018 Order. For the reasons that follow, the Court denies the Second Motion for Reconsideration in its entirety.

## II. LEGAL STANDARD

The legal standard governing motions for reconsideration was discussed at length in the First November 2018 Order. See First Nov. 2018 Order at 2. The legal standard for reviewing an appeal of a Magistrate's determination of a non-dispositive matter is abuse of discretion. Fed. R. Civ. P. 72(a); L.R. 72.1(b).

## III. DISCUSSION

To the extent Plaintiff seeks reconsideration or appeal of the Magistrate's Second November 2018 Order, his motion is denied because the determination of discovery deadlines is a matter of judicial discretion, Fed. R. Civ. P. 72(a); L.R. 72.1(b), and Plaintiff has failed to offer any basis for reconsideration of that order.

Although Plaintiff's motion references the Second November 2018 Order, in substance it seeks reconsideration of the August 2018 and First November Orders that denied Plaintiff's request for re-classification as a maximum security level A inmate. Second Mot. for Recons.[1] Plaintiff argues that reconsideration is warranted because this Court applied the incorrect legal standard governing claims under RLUIPA, which resulted in an erroneous determination that

---

[1] Plaintiff contends (incorrectly) that the Court failed to consider memoranda of law he submitted in support of his PI Motion and his First Motion for Reconsideration, which resulted in the Court's "error" in applying the incorrect legal standard. See Second Mot. for Recons. at 1-4.

2

Plaintiff was unlikely to succeed on the merits of his claim and the denial of Plaintiff's request for injunctive relief. Id.

To the extent Plaintiff seeks reconsideration of the First November 2018 Order, his motion is also denied. Contrary to Plaintiff's argument, the Court correctly applied the legal standard in addressing Plaintiff's request for injunctive relief in the August 2018 and First November 2018 Orders. The Court is well aware of the legal standard governing a RLUIPA claim; in fact, it very clearly recited that standard in its Memorandum-Decision and Order addressing Plaintiff's original complaint. See Dkt. No. 9 at 33–34. Mindful of that standard, the Court concluded that "Plaintiff's beliefs that he is innocent of the crime of conviction, and that he should serve the rest of his life in prison in a maximum security level A facility unless he is exonerated, do not show that he is likely to succeed on the merits of his claim that the State has substantially burdened his sincerely held religious beliefs by classifying him as a medium security inmate pursuant to its policies." First Nov. 2018 Order at 3. Plaintiff's Second Motion for Reconsideration does not address this conclusion in any respect. Accordingly, Plaintiff has failed to demonstrate that the Court committed a clear error of law in denying his request for preliminary injunctive relief.

Based on the foregoing, and after thoroughly reviewing Plaintiff's Second Motion for Reconsideration and affording it due consideration in light of his status as a pro se litigant, the Court finds that Plaintiff presents no basis for reconsideration of any prior order. The Court concludes that the previous decisions that Plaintiff seeks to challenge were legally correct and did not work a manifest injustice. Thus, Plaintiff's Second Motion for Reconsideration is denied in its entirety.

**IV.   CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Second Motion for Reconsideration (Dkt. No. 87) is **DENIED** in all respects; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

DATED:    February 07, 2019
             Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge